CROSBY *v.* UNITED STATES

No. 91–6194.   Argued November 9, 1992—Decided January 13, 1993

BLACKMUN, J., delivered the opinion for a unanimous Court.

*Mark D. Nyvold,* by appointment of the Court, 503 U. S. 934, argued the cause and filed a brief for petitioner.

*Richard H. Seamon* argued the cause for the United States.   With him on the brief were *Solicitor General Starr,*

*Assistant Attorney General Mueller,* and *Deputy Solicitor General Bryson.*\*

JUSTICE BLACKMUN delivered the opinion of the Court.

This case requires us to decide whether Federal Rule of Criminal Procedure 43 permits the trial *in absentia* of a defendant who absconds prior to trial and is absent at its beginning. We hold that it does not.

I

In April 1988, a federal grand jury in the District of Minnesota indicted petitioner Michael Crosby and others on a number of counts of mail fraud. The indictment alleged that Crosby and his codefendants had devised a fraudulent scheme to sell military-veteran commemorative medallions supposedly to fund construction of a theme park honoring veterans. Crosby appeared before a federal magistrate on June 15, 1988, and, upon his plea of not guilty, was conditionally released from detention after agreeing to post a $100,000 bond and remain in the State. Subsequently, he attended pretrial conferences and hearings with his attorney and was advised that the trial was scheduled to begin on October 12.

Crosby did not appear on October 12, however, nor could he be found. United States deputy marshals reported that his house looked as though it had been "cleaned out," and a neighbor reported that petitioner's car had been backed halfway into his garage the previous evening, as if he were packing its trunk. As the day wore on, the court remarked several times that the pool of 54 potential jurors was being kept waiting, and that the delay in the proceedings would interfere with the court's calendar. The prosecutor noted that Crosby's attorney and his three codefendants were present, and commented on the difficulty she would have in resched-

---

*Steven R. Shapiro* and *John A. Powell* filed a brief for the American Civil Liberties Union as *amicus curiae* urging reversal.

uling the case, should Crosby later appear, because some of her many witnesses were elderly and had health problems.

When the District Court raised the subject of conducting the trial in Crosby's absence, Crosby's attorney objected. Nevertheless, after several days of delay and a fruitless search for Crosby, the court, upon a formal request from the Government, decided that trial would commence on October 17. The court ordered Crosby's $100,000 bond forfeited and stated for the record its findings that Crosby had been given adequate notice of the trial date, that his absence was knowing and deliberate, and that requiring the Government to try Crosby separately from his codefendants would present extreme difficulty for the Government, witnesses, counsel, and the court. It further concluded that Crosby voluntarily had waived his constitutional right to be present during the trial, and that the public interest in proceeding with the trial in his absence outweighed his interest in being present during the proceedings. Trial began on October 17, with petitioner's counsel actively participating, and continued in Crosby's absence until November 18, when the jury returned verdicts of guilty on charges against Crosby and two of his codefendants. See *United States* v. *Cheatham*, 899 F. 2d 747 (CA8 1990). One codefendant was acquitted.

Approximately six months later, Crosby was arrested in Florida and brought back to Minnesota, where he was sentenced to 20 years in prison followed by 5 years on probation with specified conditions. Crosby's convictions were upheld by the Court of Appeals, which rejected his argument that Federal Rule of Criminal Procedure 43 forbids the trial *in absentia* of a defendant who is not present at the beginning of trial. 917 F. 2d 362, 364–366 (CA8 1990). Noting that the other Courts of Appeals that considered the question had found trial *in absentia* permissible,* the court concluded that

---

*The court cited, among other authorities, *United States* v. *Peterson*, 524 F. 2d 167 (CA4 1975), cert. denied, 423 U. S. 1088 (1976); *Government of the Virgin Islands* v. *Brown*, 507 F. 2d 186, 189 (CA3 1975); and *United*

the District Court had acted within its discretion in electing to proceed. *Id.*, at 365–366. We granted certiorari. 503 U. S. 905 (1992).

## II

Rule 43 provides in relevant part:

> "(a) PRESENCE REQUIRED. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.
>
> "(b) CONTINUED PRESENCE NOT REQUIRED. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,
>
> "(1) is voluntarily absent after the trial has commenced . . . ."

The Government concedes that the Rule does not specifically authorize the trial *in absentia* of a defendant who was not present at the beginning of his trial. The Government argues, nonetheless, that "Rule 43 does not purport to contain a comprehensive listing of the circumstances under which the right to be present may be waived." Brief for United States 16. Accordingly, the Government contends, Crosby's position rests not on the express provisions of Rule 43, but solely on the maxim *expressio unius est exclusio alterius. Ibid.* We disagree. It is not necessary to invoke that maxim in order to conclude that Rule 43 does not allow full trials *in absentia*. The Rule declares explicitly: "The de-

---

States v. *Tortora*, 464 F. 2d 1202, 1208 (CA2), cert. denied *sub nom. Santoro* v. *United States*, 409 U. S. 1063 (1972). See also Boreman, Sufficiency of Showing Defendant's "Voluntary Absence" From Trial for Purposes of Criminal Procedure Rule 43, Authorizing Continuance of Trial Notwithstanding Such Absence, 21 A. L. R. Fed. 906, 915–918 (1974 and 1991 Supp.), and cases cited there.

fendant shall be present . . . at every stage of the trial . . . *except as otherwise provided* by this rule" (emphasis added). The list of situations in which the trial may proceed without the defendant is marked as exclusive not by the "expression of one" circumstance, but rather by the express use of a limiting phrase. In that respect the language and structure of the Rule could not be more clear.

The Government, however, urges us to look for guidance at the existing law, which the Rule was meant to restate, at the time of its adoption in 1944. See Advisory Committee's Notes on Fed. Rule Crim. Proc. 43, 18 U. S. C. App., p. 821. That inquiry does not assist the Government. "It is well settled that . . . at common law the personal presence of the defendant is essential to a valid trial and conviction on a charge of felony. . . . If he is absent, . . . a conviction will be set aside." W. Mikell, Clark's Criminal Procedure 492 (2d ed. 1918) (hereinafter Mikell). Accord, Goldin, Presence of the Defendant at Rendition of the Verdict in Felony Cases, 16 Colum. L. Rev. 18, 20 (1916); F. Wharton, Criminal Pleading and Practice 388 (9th ed. 1889) (hereinafter Wharton); 1 J. Bishop, New Criminal Procedure 178–179 (4th ed. 1895) (hereinafter Bishop), and cases cited there. The right generally was considered unwaivable in felony cases. Mikell 492; 1 Bishop 175 and 178. This canon was premised on the notion that a fair trial could take place only if the jurors met the defendant face-to-face and only if those testifying against the defendant did so in his presence. See Wharton 392; 1 Bishop 178. It was thought "contrary to the dictates of humanity to let a prisoner 'waive that advantage which a view of his sad plight might give him by inclining the hearts of the jurors to listen to his defence with indulgence.'" *Ibid.*, quoting *Prine* v. *Commonwealth*, 18 Pa. 103, 104 (1851).

In *Diaz* v. *United States*, 223 U. S. 442 (1912), a case that concerned a defendant who had absented himself voluntarily on two occasions from his ongoing trial in the Philippines, this Court authorized a limited exception to the general rule,

an exception that was codified eventually in Rule 43(b). Because it did "'not seem to us to be consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to withdraw himself from the courts of his country and to break up a trial already commenced,'" *id.*, at 457, quoting *Falk* v. *United States*, 15 App. D. C. 446, 454 (1899), cert. denied, 181 U. S. 618 (1901), the Court held:

> "[W]here the offense is not capital and the accused is not in custody, . . . if, *after the trial has begun in his presence,* he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." 223 U. S., at 455 (emphasis added).

*Diaz* was cited by the Advisory Committee that drafted Rule 43. The Committee explained: "The second sentence of the rule is a restatement of existing law that, except in capital cases, the defendant may not defeat the proceedings by voluntarily absenting himself after the trial has been commenced in his presence." Advisory Committee's Notes on Fed. Rule Crim. Proc. 43, 18 U. S. C. App., p. 821. There is no reason to believe that the drafters intended the Rule to go further. Commenting on a preliminary version of the Rule, Judge John B. Sanborn, a member of the Committee, stated:

> "I think it would be inadvisable to conduct criminal trials in the absence of the defendant. That has never been the practice, and, whether the defendant wants to attend the trial or not, I think he should be compelled to be present. If, during the trial, he disappears, there is, of course, no reason why the trial should not proceed without him." 2 M. Wilken & N. Triffin, Drafting His-

tory of the Federal Rules of Criminal Procedure 236 (1991).

The Court of Appeals in the present case recognized that this Court in *Diaz* had not addressed the situation of the defendant who fails to appear for the commencement of trial. Nevertheless, the court concluded: "It would be anomalous to attach more significance to a defendant's absence at commencement than to absence during more important substantive portions of the trial." 917 F. 2d, at 365. While it may be true that there are no "talismanic properties which differentiate the commencement of a trial from later stages," *Government of the Virgin Islands* v. *Brown*, 507 F. 2d 186, 189 (CA3 1975), we do not find the distinction between pretrial and midtrial flight so farfetched as to convince us that Rule 43 cannot mean what it says. As a general matter, the costs of suspending a proceeding already under way will be greater than the cost of postponing a trial not yet begun. If a clear line is to be drawn marking the point at which the costs of delay are likely to outweigh the interests of the defendant and society in having the defendant present, the commencement of trial is at least a plausible place at which to draw that line. See *Hopt* v. *Territory of Utah*, 110 U. S. 574, 579 (1884) (discussing the public's interest in strict enforcement of statutory requirement that defendant be present at trial).

There are additional practical reasons for distinguishing between flight before and flight during a trial. As did *Diaz*, the Rule treats midtrial flight as a knowing and voluntary waiver of the right to be present. Whether or not the right constitutionally may be waived in other circumstances—and we express no opinion here on that subject—the defendant's initial presence serves to assure that any waiver is indeed knowing. "Since the notion that trial may be commenced in absentia still seems to shock most lawyers, it would hardly seem appropriate to impute knowledge that this will occur to their clients." Starkey, Trial in Absentia, 54 N. Y. St.

B. J. 30, 34, n. 28 (1982). It is unlikely, on the other hand, "'that a defendant who flees from a courtroom in the midst of a trial—where judge, jury, witnesses and lawyers are present and ready to continue—would not know that as a consequence the trial could continue in his absence.'" *Taylor* v. *United States*, 414 U. S. 17, 20 (1973), quoting from Chief Judge Coffin's opinion, *United States* v. *Taylor*, 478 F. 2d 689, 691 (CA1 1973), for the Court of Appeals in that case. Moreover, a rule that allows an ongoing trial to continue when a defendant disappears deprives the defendant of the option of gambling on an acquittal knowing that he can terminate the trial if it seems that the verdict will go against him—an option that might otherwise appear preferable to the costly, perhaps unnecessary, path of becoming a fugitive from the outset.

The language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial *in absentia* of a defendant who is not present at the beginning of trial. Because we find Rule 43 dispositive, we do not reach Crosby's claim that his trial *in absentia* was also prohibited by the Constitution.

The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*