**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard LACEY, Defendant–Appellant.**

**Nos. 91–3255, 91–3256.**

United States Court of Appeals, Tenth Circuit.

April 16, 1993.

Before MOORE, ENGEL,[†] and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Defendant-appellant Richard Lacey appealed his convictions for various drug-related offenses as well as for failure to appear. Mr. Lacey had been tried *in absentia* and convicted of six counts including conspiracy to distribute cocaine, distribution of approximately 500 grams of cocaine, possession with intent to distribute cocaine, and possession with intent to distribute marijuana, violations of 21 U.S.C. §§ 841(a)(1) & 846.

On appeal, we noted that certain of Mr. Lacey's arguments including his objection to being tried *in absentia,* had been rejected in the appeal of a coconspirator. *United States v. Edmonson,* 962 F.2d 1535 (10th Cir.1992). Therefore, that particular argument was not discussed in our disposition. *United States v. Lacey,* 969 F.2d 926 (10th Cir.1992).

After Mr. Lacey had filed a petition for certiorari in the United States Supreme Court, *Crosby v. United States,* —— U.S. ——, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993) was decided. The Court discussed the propriety of trial *in absentia* and concluded that "the language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial *in absentia* of a defendant who is not present at the beginning of trial." *Crosby,* —— U.S. at ——, 113 S.Ct. at 753.

The Court vacated our judgment and remanded Mr. Lacey's case for further consideration in light of *Crosby. Lacey v. United States,* —— U.S. ——, 113 S.Ct. 1233, 122 L.Ed.2d 640 (1993). We, in turn, remand the case to the district court with instructions to vacate its judgment with respect to the narcotics charges and proceed in accordance with *Crosby.* However, its judgment relating to Mr. Lacey's failure to appear is affirmed. That sentence and the underlying conviction stand alone now and the double jeopardy issue which troubled us earlier does not exist at the present time.