The appellant, John Henry Meadows, Jr., was indicted on two counts of shooting into an occupied dwelling. § 13A-11-61, Code of Alabama 1975. On November 17, 1992, a jury found him guilty as charged in the indictment, and he was sentenced to 20 years in prison on each count, those sentences to be served concurrently. The appellant also was ordered to pay restitution, attorney fees, and an amount to the victims' compensation fund.
The appellant contends that the trial court erred in trying him in absentia. The record shows the following:
 "THE COURT: The Court is calling for trial the case of State v. Meadows and Jenkins. Everybody ready?
"MR. NORTHCUTT: [prosecutor] Yes, sir.
"MR. LIKINS [appellant's attorney]: Yes, sir.
 "MS. BROWN [codefendant's attorney]: We're ready, Your Honor.
 "MR. LIKINS: Judge, in the case of John Henry Meadows, I've been unable to locate my client. We've made numerous phone calls to two different numbers that he gave us, one at his home and one at his wife or girlfriend's. On Friday afternoon I went to his home down in Salem, Alabama, left a message on the door, — there was no one there. I have not had any contact with him since the docket call. . . .
 "THE COURT: All right. He knew, of course, that this case was in a ready status, is that right?
 "MR. LIKINS: Yes, sir, he knew it was ready for trial but did not have a trial date.
 "THE COURT: All right. Did you explain to him the way the docket is called here in Lee County, that he has to be available and ready to go within 24 hours?
 "MR. LIKINS: I explained to him that I would be contacting him with 24 hours or less time, yes, sir.
 "THE COURT: All right. And I think you were appointed in this case?
"MR. LIKINS: That's correct, Your Honor.
 "THE COURT: At the time of the appointment at arraignment, if I recall correctly, I told Mr. Meadows that it was his job to stay in touch with you concerning the trial date and not your job to have to run him down, is that not correct?
"MR. LIKINS: That's correct, Your Honor.
"THE COURT: And —
 "MR. LIKINS: I had an appointment with him on the 23rd of October which he failed to keep also. *Page 1344 
 "THE COURT: All right. So that being the case then it would be my intention to proceed with the trial of Mr. Meadows along with Mr. Jenkins and Mr. Meadows' case would be absentia since he has voluntarily chosen to absent himself in this case.
 "MR. LIKINS: And Judge, I would at this time object to that on several grounds. One, that it denies the Defendant the opportunity to cross-examine people in his presence. Also, I believe that he has a right to be present during the trial, and I believe that the rule as established is an unconstitutional rule.
 "THE COURT: Well, let me look up that rule right now to be sure I've read it correctly. All right. On the record. The rule is Rule 9 of the Alabama Rules of Criminal Procedure, that has to do with the waiver of the right to be present by the defendant. And it appears to the Court that under Rule 9.1(b)(ii) that the Defendant's absence would constitute an understanding and voluntary waiver of his right to be present in that based on what you're telling me Mr. Likins, the Defendant had notice of the time and place of this proceeding and has chosen to either ignore it or, for whatever reason, not to be present.
 "The way cases are scheduled in Lee County for the purposes of this record is as follows: The docket call is called on, of all criminal cases, on Friday before the term actually starts on Monday and at the call of the docket, cases are announced ready or continued or put in whatever status is appropriate. This case was announced ready at the docket call. It therefore went on a list of cases starting at the top of the docket, and cases are tried in order. It's the obligation of the State and defense attorneys to make sure that their witnesses and all participants in the trial are present as the cases advance up the docket, and this case was put in a ready status Thursday or Friday last week for trial today on Monday. So the defense attorney had ample opportunity to know that it was coming up. Based on what you tell me, you did everything that you could possibly do to notify this defendant that the case was set for trial today. If you've given him notice at his last known address and he has chosen for whatever reason to ignore your instructions, it seems to me that he does that at his peril.
 "You are appointed and at the time I appointed you, I advised the Defendant very explicitly that it was his job to stay in touch with you since he was out on bond. He has unfortunately failed to do that, and therefore, we're going to try this case without him."
(R. 6-12.)
The Alabama Rules of Criminal Procedure state that a defendant has a right to be present at arraignment and at every stage of the trial. A.R.Cr.P. 9.1. A defendant may waive the right to be present, however. A.R.Cr.P. 9.1(b). The rule sets out two ways the defendant's presence may be waived:
 "(i) With the consent of the court, by an understanding and voluntary waiver in open court or by a written consent executed by the defendant and by the defendant's attorney of record, filed in the case.
 "(ii) By the defendant's absence from any proceeding, upon the court's finding that such absence was voluntary and constitutes an understanding and voluntary waiver of the right to be present, and that the defendant had notice of the time and place of the proceeding and was informed of the right to be present."
A.R.Cr.P. 9.1(b)(1)(i) and (ii).
The State argues that the appellant had notice of the time and place of his trial, but that he chose not to be present. The State also argues that the appellant's attorney had ample time to contact the appellant to inform him that his trial had been set. There is authority, however, for the proposition that a defendant cannot waive his right to be present by failure to appear unless he was present at the trial's commencement.
Our research has revealed no Alabama cases on point. InFlowers v. State, this Court dealt with a case in which the defendant was tried in absentia; however, the defendant had been present at the beginning of the trial, and then failed to return after a recess of the proceeding. In that case, we *Page 1345 
held that "a defendant who has been present for thebeginning of the guilt adjudication stage of his trial and thenvoluntarily absents himself forfeits his right to be present for the remaining portions of his trial, including the sentencing stage, if sentencing immediately follows the verdict." Flowers v. State, 608 So.2d 764, 766
(Ala.Crim.App. 1992) (emphasis added).
The Committee Comments to Rule 9.1(b)(ii), which serve as persuasive authority, discuss the circumstances under which a defendant can validly waive his right to be present at trial.
 "Section (b) allows a defendant to waive the right to be present. The defendant may make an express waiver in open court or may waive the right by voluntary absence from the proceeding. [Citation omitted.]
 "Waiver of the right to be present must be clear and unequivocal. Waiver must be affirmative and positive in nature and made by the defendant personally. Haynes v. State [40 Ala. App. 106], 109 So.2d 738 (Ala.App. 1958), cert. denied [268 Ala. 546], 109 So.2d 746
(Ala. 1959). Consent or acquiescence of a defendant to a waiver of the right cannot be presumed but must affirmatively appear from the record. Berness v. State, 263 Ala. 641, 83 So.2d 613 (1955). Thus, section (b) allows the court to find an implied waiver only when the defendant has been present at the commencement of the trial and fails to appear at some later stage of the trial. Such a waiver may not be inferred if the defendant has never appeared at trial, except in the case of a minor misdemeanor, which by definition carries no threat of imprisonment."
Emphasis added.
In his treatise on the Alabama Rules of Criminal Procedure, Justice Hugh Maddox reaches the same conclusion regarding whether a defendant has validly waived his right to be present at trial:
 "In a proceeding involving an offense other than a minor misdemeanor, however, the defendant must have shown up for his or her trial, and the trial must have commenced, and then the defendant was absent from the proceeding. The rule states that the trial must have 'commenced.'. . . The exact time the trial commences is not specifically stated, but Rule 19.1 sets out the order of the trial, and it is implicit from a reading of the Rules, especially Rules 12 and 18, concerning the empaneling of the trial jury, and Rule 19 which governs the order of the trial, that the trial actually starts when the case is called for trial, insofar as Rule 9 is concerned."
H. Maddox, Alabama Rules of Criminal Procedure, 264 (1990).
The United States Supreme Court recently held that the Federal Rules of Criminal Procedure prohibit a trial in the case of a defendant who is not present at the beginning of trial. Crosby v. U.S., ___ U.S. ___, ___,113 S.Ct. 748, 753, 122 L.Ed.2d 25 (1993). Because the Court found that the Federal Rules of Criminal Procedure were dispositive, it did not reach the appellant's claim that trials inabsentia are prohibited by the United States Constitution.Id. The Court did, however, discuss the rationale behind distinguishing between whether the appellant had or had not been present at the beginning of the trial.
 "As a general matter, the costs of suspending a proceeding already under way will be greater than the cost of postponing a trial not yet begun. If a clear line is to be drawn marking the point at which the costs of delay are likely to outweigh the interest of the defendant and society in having the defendant present, the commencement of trial is at least a plausible place at which to draw that line. . . .
 "Whether or not the right constitutionally may be waived in other circumstances — and we express no opinion here on the subject — the defendant's initial presence serves to assure that any waiver is indeed knowing. 'Since the notion that trial may be commenced in absentia
still seems to shock most lawyers, it would hardly seem appropriate to impute knowledge that this will occur to their clients.' Starkey, Trial in Absentia, 54 N.Y.St.B.J. 30, 34, n. 28 (1982). It is unlikely, on the other hand, 'that a defendant who flees from a courtroom in the midst of a trial — where judge, *Page 1346 
jury, witnesses and lawyers are present and ready to continue — would not know that as a consequence the trial could continue in his absence.' Taylor v. United States, 414 U.S. 17, 20, 94 S.Ct. 194, 196, 38 L.Ed.2d 174
(1973). . . . Moreover, a rule that allows an ongoing trial to continue when a defendant disappears deprives the defendant of the option of gambling on an acquittal knowing that he can terminate the trial if it seems that the verdict will go against him — an option that might otherwise appear preferable to the costly, perhaps unnecessary, path of becoming a fugitive from the outset."
Crosby, supra, at ___ — ___, 113 S.Ct. at 752-53.
A defendant has no right to disrupt proceedings by voluntarily absenting himself from his trial once his trial has begun. However, by requiring the defendant's presence at the beginning of the trial, the court has a bright-line rule that ensures that any later absence on the part of the defendant is a voluntary waiver of the defendant's right to be present. Therefore, we hold that, in the absence of affirmative evidence that the appellant has voluntarily waived his right to be present, an appellant charged with a felony cannot be triedin absentia if he is not present at the beginning of his trial. Rather than try a defendant in absentia
when the defendant fails to appear for trial, the better response would be for the trial court to order that the defendant's bond be forfeited and order that the defendant be arrested. See e.g., Lundy v. State, 484 So.2d 1132
(Ala.Crim.App. 1985).
In this case, the record shows that the appellant was not present at the beginning of his trial on a felony offense of shooting into an occupied dwelling. Therefore, the trial court erred in trying him in absentia.
The judgment of the trial court is reversed.
REVERSED AND REMANDED.
All the Judges concur.
 *Page 543