UNITED STATES of America,

v.

Severo ESCOBAR, Defendant.

Nos. SS 84 Cr. 51(MEL), 92
Civ. 1283(MEL) and 93
Civ. 3565(MEL).

United States District Court,
S.D. New York.

June 24, 1994.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City, for U.S. (Bruce G. Ohr, Asst. U.S. Atty., of counsel).

James M. LaRossa, LaRossa, Mitchell & Ross, New York City, for defendant (Susan G. LaRossa, of counsel).

LASKER, District Judge.

In 1984, Severo Escobar was tried and convicted in absentia of drug related charges. He moves to vacate his sentence under 28 U.S.C. § 2255 on the grounds that his trial in absentia was impermissible under *Crosby v. United States*, —— U.S. ——, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993), because he was not present at the outset of the trial.

The government answers that Escobar's petition does not present a constitutional violation or fundamental defect to warrant section 2255 relief and that, in any event, under

the decision in *Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 1075, 103 L.Ed.2d 334 (1989), the decision in *Crosby v. United States* may not be retroactively applied to cover Escobar's case.

Escobar filed this petition pro se. After the government answered, the Court appointed James M. LaRossa, Esq. as counsel to submit reply papers on Escobar's behalf. These papers have been received.

### I.

■ Not every error of law constitutes grounds for relief under section 2255 motion. Although the Supreme Court has rejected the proposition that only constitutional claims may be asserted on a collateral attack under section 2255, it has confined cognizable errors of law not grounded on the Constitution to those which present "a fundamental defect which inherently results in a complete miscarriage of justice" and "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Davis v. United States,* 417 U.S. 333, 345–46, 94 S.Ct. 2298, 2304–05, 41 L.Ed.2d 109 (1974) (citations omitted).

■ The error Escobar alleges does not rise to that level. Although Escobar attempts to portray the change in the law announced in *Crosby* as having constitutional dimension, it is clear from the text of the decision that the Supreme Court did not decide *Crosby* on constitutional grounds, but rested its determination solely on an interpretation of Rule 43 of the Federal Rules of Criminal Procedure.

> The language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial in absentia of a defendant who is not present at the beginning of trial. Because we find Rule 43 dispositive, we do not reach Crosby's claim that his trial in absentia was also prohibited by the Constitution.

*Crosby v. United States,* —— U.S. at ——, 113 S.Ct. at 753. Indeed, although *Crosby* left the question open, the rule so far, as

determined in the case of Escobar's co-defendant, Victor Mera, by this Court and the Court of Appeals, is that trials in absentia are constitutionally permissible. *United States v. Mera,* 921 F.2d 18 (2d Cir.1990) (where defendant's absence is knowing and voluntary and the public interest in a trial in absentia clearly outweighs that of the defendant in attending trial, trial in absentia comports with the Sixth Amendment).

■ The Supreme Court has stated that "collateral relief is not available when all that is shown is a failure to comply with the formal requirements of [a] Rule." *Hill v. United States,* 368 U.S. 424, 429, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962) (In the absence of other aggravating circumstances, violation of Fed.R.Crim.P. 32(a), requiring trial courts to afford defendant an opportunity to speak in his own behalf before imposing sentence, was no basis for relief under § 2255). Section 2255, like the writ of habeas corpus, is not designed for relief from ordinary errors of law committed by a trial court and the general rule is that collateral review will not be allowed to do service for a direct appeal. *Sunal v. Large,* 332 U.S. 174, 178–79, 67 S.Ct. 1588, 1590–91, 91 L.Ed. 1982 (1947) (discussing habeas corpus).

These considerations apply to Escobar's claim. The error of law he alleges—that he was tried in absentia without having been present at the beginning of trial—is not of a character which would entitle him to relief under § 2255.

### II.

■ Even if section 2255 were held to apply to Escobar's claim, no relief can be granted in this case because the decision in *Crosby v. United States,* on which he relies, may not be applied retroactively. The general rule is that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 1075, 103 L.Ed.2d 334 (1989).[1] There is a narrow exception for "watershed rules of criminal

1. The retroactivity analysis for habeas petitions advanced by Justice O'Connor for a plurality in *Teague v. Lane* was endorsed by a majority of the

Supreme Court in *Penry v. Lynaugh,* 492 U.S. 302, 313–14, 109 S.Ct. 2934, 2943–44, 106 L.Ed.2d 256 (1989).

procedure" which "alter our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction" and "implicate the fundamental fairness of the trial." *Id.* at 311–12, 109 S.Ct. at 1076 (citation omitted).

The post-*Gideon* right to counsel for serious crimes is an example of such a "watershed rule." *Id.* at 311, 109 S.Ct. at 1076 (citing *Mackey v. United States*, 401 U.S. 667, 693–94, 91 S.Ct. 1160, 1180–81, 28 L.Ed.2d 404 (1971)). However, the Sixth Amendment requirement that the jury venire be drawn from a fair cross section of the community, which the Supreme Court announced in *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), is not. *Id.*, 489 U.S. at 315, 109 S.Ct. at 1077–78.

As discussed in Section I, the procedural defect alleged by Escobar is not of constitutional dimension nor is it the type of "watershed development" in criminal procedure that is entitled to retroactive application on collateral review. In sum, Escobar's motion under 28 U.S.C. § 2255 must be denied because (1) the claim he makes is not of constitutional magnitude nor does it amount to a fundamental defect and (2) the decision in *Crosby v. United States*, on which he relies, may not be retroactively applied to Escobar's case.

It is so ordered.