IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51018
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EMMANUEL EWUZIE; DANIEL ORHIUNU,

                                        Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Western District of Texas
(SA-00-CR-290-3)
--------------------
August 8, 2002
Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant Emmanuel Ewuzie appeals his conviction and
sentence for scheming to commit health care fraud and aiding and
abetting, in violation of 18 U.S.C. §§ 2, 1347.  He argues that the
evidence was insufficient to support his conviction and that the
district court erred in calculating the amount of loss suffered by
Medicare.  Through counsel, Defendant-Appellant Daniel Orhiunu
appeals the district court's decision to sentence him in absentia.
We AFFIRM.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ewuzie argues that the evidence failed to demonstrate that he knowingly or wilfully submitted a false cost report to Medicare. We must determine whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt. See United States v. Charroux, 3 F.3d 827, 830-31 (5th Cir. 1993). The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and this court will accept all credibility choices that tend to support the verdict. United States v. Pofahl, 990 F.2d 1456, 1467 (5th Cir. 1993). The intent to defraud may be proven by circumstantial evidence. See United States v. Ismoila, 100 F.3d 380, 389 (5th Cir. 1996).

The record is replete with evidence from which the jury could reasonably have inferred that Ewuzie acted knowingly and willfully. For example, after Ginger Wilson explained to Ewuzie that Classic owed $55,000 back to Medicare, Ewuzie retained Yap, who calculated that Medicare owed Ewuzie $5,525. Even accepting Ewuzie's assertion that he did not know how a cost report was prepared, it was not unreasonable for the jury to assume that Ewuzie had knowledge that the report was inaccurate given the huge discrepancies between the two figures. Moreover, Ewuzie's discussions with Wilson reflect that he had a working understanding of the items on the trial balances, and that he sought to

2

reclassify items to avoid repayment to Medicare. The jury could also reasonably infer that, as owner of the company, Ewuzie surely knew that he did not give his employees bonuses totaling $70,000, as reflected in the fraudulent cost report. Ewuzie's argument that the evidence was insufficient is without merit.

Ewuzie also argues that the district court erred in determining that the loss to Medicare was $213,200.17, resulting in an eight-level increase in his offense level. See U.S.S.G. § 2F1.1(b)(1)(I)(loss of more than $200,000 resulting in eight-level increase). He argues that this loss amount was improper, as there was no shown relationship between the impact figure and the actual loss to the government. Ewuzie also challenges the calculations of FBI Agent Whitworth because he was not an accountant and had no experience in Medicare reimbursement. The district court rejected Ewuzie's objection to the eight-level increase, concluding that the amount calculated was appropriate because it included the overpayment and tentative settlement by Medicare.

The district court's determination of the amount of loss for sentencing purposes is a factual finding, which we review for clear error. See United States v. Peterson, 101 F.3d 375, 384 (5th Cir. 1996); United States v. Narviz-Guerra, 148 F.3d 530, 540 (5th Cir. 1998). The amount of loss need not be determined with precision as long as it is reasonable given the available information. See U.S.S.G. § 2F1.1, comment. (n.9).

After the filing of the false cost report, which claimed $190,000 in non-reimbursable expenses, Classic sought an additional refund of $5,225.11, for a total loss of over $213,000. Thus, regardless of Ewuzie's assertions to the contrary, Whitworth established that the Medicare suffered an actual loss of such amount. Ewuzie has not demonstrated clear error.

Through counsel, Orhiunu argues that the district court erred by sentencing him in absentia after he failed to appear at the sentencing hearing. Counsel argues that to sentence a defendant in absentia, the defendant's failure to appear must be found to be voluntary, insisting that the record in this case does not support such a finding. Although he argues that the district court's determination that Orhiunu was a fugitive is unsupported by the record, Orhiunu's counsel does not assert that Orhiunu has since been located; neither does he provide any explanation for Orhiunu's disappearance. Although we decline to dismiss Orhiunu's appeal, we perceive no error in the district court's decision to sentence him in absentia and therefore affirm.

Under Fed. R. Crim. P. 43(b)(2), the defendant will be considered to have waived the right to be present whenever he is initially present at trial and thereafter is "is voluntarily absent at the imposition of sentence[.]" The rule is intended to cover the situation in which a defendant voluntarily flees before sentence is imposed. Id., advisory comm. note (1995). An absence is voluntary if the defendant knows that the proceedings are taking

4

place and does not attend.  <u>See</u> <u>Crosby v. United States</u>, 506 U.S. 255, 259-30 (1993).

The district court's determination that Orhiunu had voluntarily absented himself was not unreasonable.  The district court had advised Orhiunu that sentencing would take place in August.  The court had before it evidence that Orhiunu failed to report to Pretrial Services as required.  In addition, the court extended the sentencing date for one week for the specific purpose of finding Orhiunu; however, such effort was unavailing.  Under such circumstances, it cannot be said that the district court erred in concluding that Orhiunu had voluntarily absented himself from the sentencing proceeding.

The judgments of conviction and the sentences imposed by the district court are, in all respects,

AFFIRMED.