NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011[*]
Decided February 10, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1877

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:08-CR-30040-001-MJR |
| | |
| COREY LOUIS HINES, | Michael J. Reagan, |
| *Defendant-Appellant*. | *Judge.* |

**O R D E R**

Corey Hines, a federal inmate, was caught smuggling marijuana into his prison. A jury found him guilty of possessing marijuana with intent to distribute and possessing contraband. He raises a raft of issues in this pro se appeal, but only a few merit discussion. We affirm the judgment.

Prison staff discovered that Hines had been smuggling drugs when they caught his wife pass him marijuana during a visit. Hines then confessed that for several weeks he had

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

been bringing marijuana and heroin into the prison and distributing the drugs with help from four other inmates. He was charged initially with possessing contraband in prison, 18 U.S.C. § 1791(a)(2), and allowed to represent himself with guidance from standby counsel.

But after gaining permission to represent himself, Hines refused to participate in the proceedings. A magistrate judge granted his request to review discovery materials at the courthouse, but after he was transported from prison, Hines would not leave the holding cell to examine the evidence, nor would he consult with standby counsel. And later when the grand jury returned a superseding indictment adding charges of conspiracy and possession with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), Hines refused to speak to the magistrate judge at his arraignment. This behavior, along with a nonsensical challenge to subject-matter jurisdiction, prompted the district court to order a competence evaluation. *See* 18 U.S.C. § 4241(b).

Hines refused to participate in that evaluation, and thus the examining psychologist was unable to give an opinion about his competence. At the hearing that followed, Hines continued his silence, so the district court found that he was not competent and ordered him committed for treatment. *See* 18 U.S.C. § 4241(d). While hospitalized Hines filed several pretrial motions, including a challenge to the voluntariness of his confession and a motion to dismiss for violation of the Speedy Trial Act. He also filed the first of thirteen interlocutory appeals. The district court denied the motions without prejudice until it could be established that Hines was competent and could continue to proceed pro se. During his three-month commitment, Hines eventually agreed to cooperate with medical staff, and this time a psychologist opined that, although antisocial, Hines was competent and did not suffer from mental illness.

After receiving the psychologist's report, the district court told the parties during a status conference that it was inclined to find Hines competent to stand trial. The court set a date for a second competence hearing, but Hines responded that he would not attend and stayed true to his word. He refused to walk from the courthouse holding cell into the courtroom, so the judge directed standby counsel to take over. The lawyers for both parties agreed that Hines was competent, as did the court. The judge sent word of that decision to the holding cell and ordered Hines to come to the courtroom if he still wanted to represent himself. Hines refused. The court then ordered defense counsel to continue representing Hines. And since Hines no longer was pro se, the court afterward denied all additional pro se filings.

A month before trial the district court ordered Hines to attend a status conference, but he would not leave the courthouse holding cell. At that conference his counsel informed the court that a motion in limine would be filed but otherwise declared that

Hines's pro se motions would not be pursued or renewed. On the first day of trial, Hines refused to attend voluntarily and was brought to the courtroom by deputy marshals. The court admonished that his attendance was required for jury selection and trial, but added that Hines would be removed from the courtroom if he became disruptive. Hines in turn promised to be "very disruptive" and to spit at defense counsel, and during a short recess he warned the deputy marshals that he would do "whatever it took" to stay out of the courtroom, including throwing urine, feces, and furniture, and "did not want anything to do with this trial." Hines also had written a note threatening to overturn defense counsel's table and to throw a microphone at the judge. After that the court found, with agreement from defense counsel, that Hines had waived his right to be present for trial.

Hines did not return for jury selection or trial, which lasted two days. The jury found him guilty on the substantive counts but not guilty of conspiracy. The district court struck Hines's pro se objection to the presentence report and imposed a 60-month prison term for the contraband charge and a consecutive 84-month term for the § 841(a)(1) violation. Both terms will run consecutively to his undischarged sentence.

On appeal Hines includes in his brief a long list of claims, but many are plainly frivolous and several sentencing issues are not argued and thus waived. *See United States v. Collins*, 604 F.3d 481, 488 n.2 (7th Cir. 2010); *United States v. Turcotte*, 405 F.3d 515, 536 (7th Cir. 2005). Other appellate claims, including those about his confession and the Speedy Trial Act, concern arguments raised in pro se submissions that were denied because Hines had a lawyer when he filed them, *see United States v. Patterson*, 576 F.3d 431, 436-37 (7th Cir. 2009); *United States v. Chavin*, 316 F.3d 666, 671 (7th Cir. 2002), or abandoned before trial when defense counsel stated that none of the contentions previously raised in pro se filings would be pursued, *see United States v. Davis*, 121 F.3d 335, 338-39 (7th Cir. 1997). We discuss the remaining claims in turn.

Hines initially argues that, at his second competence hearing, the district court denied him the right to call witnesses to testify to his competence. *See* 18 U.S.C. § 4247(d). Though Hines correctly identifies the procedural requirement, he fails to acknowledge that he no longer was pro se when the hearing was conducted. And *defense counsel* did not call any witnesses because Hines's competence to proceed with trial no longer was in question. Thus, Hines was not prevented from calling witnesses. Had he been it would not matter since the district court found that Hines was competent, and he agrees with that assessment. *See United States v. Magassouba*, 544 F.3d 387, 410-12 (2d Cir. 2008); *Galoweski v. Berge*, 78 F.3d 1176, 1181 (7th Cir. 1996).

Next, Hines contends that the district court erred in revoking his pro se status. The court had directed standby counsel to represent Hines when he refused to attend his second

competence hearing, and after finding that Hines was competent to stand trial, the court solicited his presence to determine if he still wished to represent himself. *See United States v. Cooper*, 591 F.3d 582, 587 (7th Cir. 2010); *United States v. Alden*, 527 F.3d 653, 660 (7th Cir. 2008). Hines would not go to the courtroom, even after he was warned that he would forfeit the right to represent himself if he refused. On appeal Hines attempts to justify his conduct by asserting that the hearing was a farce. This excuse is frivolous. The Sixth Amendment right to self-representation does not protect defendants who abuse it by obstructing judicial proceedings. *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975); *United States v. Kosmel*, 272 F.3d 501, 505-06 (7th Cir. 2001). Hines consistently refused to cooperate with the court, even minimally, making it "practically impossible" to proceed, and the district court had ample reason to believe that these obstructionist tactics would continue if Hines was permitted to represent himself at trial. *United States v. Brock*, 159 F.3d 1077, 1079-81 (7th Cir. 1998); *see also United States v. Berry*, 565 F.3d 385, 390 (7th Cir. 2009).

Finally, Hines contends that the district court erred by impaneling the jury when he was not present in the courtroom. *See* FED. R. CRIM. P. 43(a). Hines had a right to attend his jury trial that could be waived "after the trial has begun." FED. R. CRIM. P. 43(c); *see Crosby v. United States*, 506 U.S. 255, 261 (1993). The district court was aware of Hines's wishes because Hines went to court and spoke to the judge shortly before jury selection and expressed that he wanted nothing to do with the trial. Though the circuits are split about whether a trial commences at or before jury selection, *compare United States v. Bradford*, 237 F.3d 1306, 1310 (11th Cir. 2001), *with United States v. Lucky*, 569 F.3d 101, 108 (2d Cir. 2009), *and United States v. Lawrence*, 161 F.3d 250, 255 (4th Cir. 1998), we need not reach the issue in this case. Hines's counsel waived the challenge to his presence at jury selection by explicitly stating that the district court had satisfied both Rule 43(a) and the Constitution. *See United States v. Garcia*, 580 F.3d 528, 541-42 (7th Cir. 2009); *United States v. Babul*, 476 F.3d 498, 500-01 (7th Cir. 2007). The court informed Hines that, if he did not want to attend in person, he could watch a closed-circuit feed of the witnesses from his holding cell. The court also offered to have a second lawyer sit outside the cell with a telephone to call co-counsel with questions or the judge directly if Hines wanted to return to the courtroom. When Hines refused to go to jury selection, defense counsel stated that the court's measures satisfied the requirement of Hines's presence at the beginning of trial. Hines does not dispute that counsel explicitly waived the issue, or argue that he wanted to be present at trial.

AFFIRMED.