# SUPREME COURT OF THE UNITED STATES

WILLIAM SMOAK FAIREY, JR., AKA DOAK FAIREY *v.*
KENNETH S. TUCKER, SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 11–7185.  Decided June 18, 2012

The petition for a writ of certiorari is denied.

JUSTICE SOTOMAYOR, dissenting from denial of certiorari.

Petitioner William Fairey was tried *in absentia* and without counsel on state felony charges. Although Fairey had not received actual notice of his trial date, the state court concluded that he had waived his right to be present when he failed to appear in court on the scheduled trial date. The State tried Fairey in his absence and, without having heard any defense, the jury found Fairey guilty. The court sentenced him to eight years' imprisonment and $25,000 in restitution. Fairey sought relief on the ground that his trial *in absentia* violated the Sixth and Fourteenth Amendments. After exhausting state remedies, he filed a federal petition for writ of habeas corpus. The District Court denied relief. Both the District Court and the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability (COA).

I believe a COA should have issued; at the very least, "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El* v. *Cockrell*, 537 U. S. 322, 327 (2003). An accused's right to be present at his own trial is among the most fundamental rights our Constitution secures. In view of the importance of the right involved and the obvious error here, I would grant the petition for a writ of certiorari and summarily reverse the judgment below.

I

In early 1998, South Carolina served Fairey with an arrest warrant for obtaining goods and moneys under false pretenses, a state felony. Fairey was released on his personal recognizance and the State dismissed the warrant. Some time later, Fairey moved from South Carolina to Sarasota, Florida. In 2001, South Carolina indicted Fairey for the charge underlying the warrant. Fairey proceeded *pro se* and defended himself actively. He filed motions, sought the discovery of documents, and corresponded with the court. Twice he traveled from Florida to South Carolina for proceedings.

In the fall of 2002, Fairey informed the state solicitor (hereinafter Solicitor) and the trial court of his new address in Castiac, California. Several months later, Fairey moved to quash his indictment. In that submission, he listed both the California and Florida addresses, the latter now denoted as a "temporary address." Record in No. 4:09–cv–01610–RMG (D SC), Doc. 19, p. 160 (Exh. 10). Fairey explained: "Beginning February 23, I have been living temporarily in Sarasota, Florida, awaiting my next [work] assignment and my return to California." *Id.,* at 171. He attended the hearing on his motion in March, and there submitted a motion to dismiss and an accompanying affidavit. Both listed only his Florida address. The trial court denied Fairey's motion to quash and sent notice of its ruling to the Florida address alone. The Solicitor subsequently sent at least one letter to that address. Some 15 months later, the trial court denied Fairey's motion to dismiss. Notice again was sent only to Florida.

In June 2004, the Solicitor subpoenaed Fairey to appear for trial in South Carolina the following month. Although Fairey's most recent filing had listed only his Florida address, and both the trial court and Solicitor most recently had sent correspondence to that address alone, the Solicitor mailed the subpoena to two different addresses:

the California address, and a South Carolina address listed on Fairey's 1998 personal recognizance bond form. It is undisputed that Fairey did not receive the subpoena. Unaware of his trial date, he did not appear at trial. The State tried him in his absence, and the jury found him guilty after less than 30 minutes of deliberation.

When it came time to arrest Fairey, the State had no trouble locating him in Florida. After he was incarcerated, Fairey moved for a new trial. The trial court denied the motion and the South Carolina Court of Appeals affirmed. The court acknowledged that the Sixth Amendment guarantees the right of an accused to be present at every stage of his trial. 374 S. C. 92, 98–99, 646 S. E. 2d 445, 448 (2007). But the court concluded that Fairey had waived this right because (1) notice of his trial date was sent to his California address, which was the "permanent address for service of notice" in the record; and (2) Fairey had been warned on his 1998 personal recognizance bond form that trial would proceed in his absence if he did not attend. *Id.*, at 99–103, 646 S. E. 2d, at 448–450. After exhausting his state remedies, Fairey petitioned the United States District Court for the District of South Carolina for a writ of habeas corpus. The District Court denied relief, largely adopting the reasoning of the State Court of Appeals. The District Court and United States Court of Appeals for the Fourth Circuit denied a COA. See 441 Fed. Appx. 160 (2011). Fairey, proceeding *pro se*, petitioned for a writ of certiorari.

## II

It is a basic premise of our justice system that "in a prosecution for a felony the defendant has the privilege under the Fourteenth Amendment to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Snyder* v. *Massachusetts*, 291

U. S. 97, 105–106 (1934). This longstanding right reflects the "notion that a fair trial [can] take place only if the jurors me[e]t the defendant face-to-face and only if those testifying against the defendant [do] so in his presence." *Crosby* v. *United States*, 506 U. S. 255, 259 (1993); see also *ibid.* ("'It is well settled that . . . at common law the personal presence of the defendant is essential to a valid trial and conviction on a charge of felony.'" (quoting W. Mikell, Clark's Criminal Procedure 492 (2d ed. 1918) (hereinafter Mikell))); *Diaz* v. *United States*, 223 U. S. 442, 455 (1912) (right to be present is "scarcely less important to the accused than the right of trial itself"). Thus in general, "if [the defendant] is absent [from trial], . . . a conviction will be set aside." *Crosby*, 506 U. S., at 259 (quoting Mikell 492).

The Court has acknowledged only two exceptions to this general rule. First, at least in noncapital trials, a defendant may waive his right to be present "'if, *after the trial has begun in his presence*, he voluntarily absents himself.'" *Crosby*, 506 U. S., at 260 (quoting *Diaz*, 223 U. S., at 455). Second, "a defendant can lose his right to be present at trial if, after being warned that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Illinois* v. *Allen*, 397 U. S. 337, 343 (1970). This case, of course, does not fall within either exception. Rather, the state court conceived an additional exception, one never recognized by this Court: waiver on the basis of a defendant's actions *prior* to the start of trial. And the state court went on to conclude that Fairey's actions established such waiver on the basis of two facts: the Solicitor mailed a subpoena to Fairey's California address and Fairey acknowledged in his 1998 personal recognizance bond form that trial could proceed in his absence if he failed to

attend.

Whether the Constitution permits the trial *in absentia* of a defendant who is not present at the start of trial is a serious question. It is one we expressly left open in *Crosby*, though not without noting that there are good reasons for distinguishing in this context between a defendant who was present at the start of trial and one who was not present at all. We observed that "the defendant's initial presence serves to assure that any waiver [of the right to be present] is indeed knowing." 506 U. S., at 261–262. And we noted that "the costs of suspending a proceeding already under way will be greater than the cost of postponing a trial not yet begun," and so "[i]f a clear line is to be drawn marking the point at which the costs of delay are likely to outweigh the interests of the defendant and society in having the defendant present, the commencement of trial is at least a plausible place at which to draw that line." *Id.*, at 261.

Even assuming that a waiver of the right to be present at trial could ever be found when the defendant was not initially present, the facts here do not remotely demonstrate such a waiver. Our cases clearly establish that "waiver is the intentional relinquishment or abandonment of a known right." *United States* v. *Olano*, 507 U. S. 725, 733 (1993) (internal quotation marks omitted). A defendant's waiver of a fundamental constitutional right is not to be lightly presumed; rather, a court must "indulge every reasonable presumption against waiver of fundamental constitutional rights." *Carnley* v. *Cochran*, 369 U. S. 506, 514 (1962) (internal quotation marks omitted). It was not reasonable for the state court to conclude that Fairey intentionally abandoned his right to be present.

As a *pro se* litigant, Fairey represented himself actively in pretrial proceedings; he made two interstate trips to do so and demonstrated every intention of mounting a vigorous defense at trial. To be sure, he did not appear in court

on his scheduled trial date. And he was informed on his bail recognizance form that trial could proceed in his absence if he was not present. But the form did not specify his trial date, and Fairey had no knowledge of that date as he did not receive the Solicitor's notice, which was sent to California and not to Fairey's most recent address in Florida. There is no suggestion, moreover, that Fairey was derelict in his duty to monitor the docket or to keep the State informed of his whereabouts. His most recent motion to the court provided only his Florida address. An affidavit submitted two weeks earlier stated that he was presently living in Florida. And Fairey had been contacted at his Florida address by both the Solicitor and court after that date. Until he informed the court that he had returned to California or moved elsewhere, he was justified in believing the State would continue to contact him at his Florida address. In short, while Fairey failed to appear in court on the date of his scheduled trial, his failure to do so was wholly inadvertent. Consequently, his absence does not demonstrate the intent necessary to establish waiver under our established case law.

I believe a COA should have issued and that our intervention is warranted. A trial conducted without actual notice to a defendant and in his absence makes a mockery of fair process and the constitutional right to be present at trial. That is particularly true where, as here, the defendant participated actively in his defense and kept the State informed of his whereabouts. I would grant the petition and summarily reverse the judgment below.