**Todd SMITH, Petitioner–Appellant,**

**v.**

**Louis F. MANN, Warden, Shawangunk Correctional Facility, Respondent–Appellee.**

**No. 98–2201.**

United States Court of Appeals, Second Circuit.

Argued March 16, 1999.

Decided April 12, 1999.

Eugene B. Nathanson, (Janice DeYoung, on the brief), New York, New York, for Petitioner–Appellant.

Marlene O. Tuczinski, Assistant Attorney General, (Peter H. Schiff, Deputy Solicitor General, Dennis C. Vacco, Attorney General of the State of New York, Peter G. Crary, Assistant Attorney General, on the brief), Albany, New York, for Respondent–Appellee.

Before: WALKER, CABRANES, Circuit Judges, and TSOUCALAS, Judge.*

JOHN M. WALKER, JR., Circuit Judge:

*Habeas corpus* petitioner, Todd Smith, appeals from the district court's denial of his petition to vacate his state conviction on the ground that his trial *in absentia* violated his rights under the Sixth and Fourteenth Amendments to the Constitution.

Smith was arraigned on December 22, 1988 before Broome County Court in the State of New York on an indictment alleging felony sale and possession of cocaine. After his bail was reduced from $150,000 to $15,000, he posted the bond and was released on March 8, 1989. At the time of his release, Smith informed the court that he would be residing with Cecil Walters at 52 Cherry Street, Johnson City, New York. The trial judge told Smith to notify his lawyer if there was any change in address and prohibited Smith from leaving Broome County without court permission. The court informed Smith that his trial was scheduled to begin Monday, May 8, 1989 at 9:30 a.m. Smith stated that he would appear at the designated time for trial. The court warned Smith explicitly that, if he did not appear in court at the designated time, the trial would commence without him.

Smith failed to appear for trial. The court waited until 10:30 a.m. and then questioned his lawyer about Smith's whereabouts. The lawyer told the court

that Smith had failed to show up that morning for their scheduled 9:00 a.m. meeting, and that when he made a subsequent phone call to the Cherry Street address from the courthouse, an unidentified person had informed him that Smith did not live there. Thereafter, the attorney verified that the telephone number he had called was the number assigned by the telephone company to the Cherry Street address that Smith had given to the court.

Immediately after the foregoing recitation by Smith's attorney, the trial court found that

> upon Mr. Smith's failure to appear between 9:00 and 10:30, the Court is entirely satisfied that he knew of the time and place of the trial and that, therefore, a bench warrant has been issued by the Court for his arrest, for his failure to appear for trial this morning, and jury selection will proceed in his absence and, if need be, the trial will proceed in his absence just as he was advised at the time of his release.

The trial took approximately one day. Smith neither appeared nor notified the court of his whereabouts. Smith was convicted *in absentia* on both counts and sentenced to respective terms of imprisonment of 8–1/3 to 25 years on the charge of criminal sale of a controlled substance in the third degree and 25 years to life on the charge of criminal possession of a controlled substance in the first degree. Attempts to locate Smith proved futile until 1992 when he was taken into custody by the Department of Correctional Services.

Smith filed a petition for a writ of *habeas corpus* in the United States District Court for the Northern District of New York (Lawrence E. Kahn, *District Judge*). He asserted that he had missed the start of his trial because he had overslept, that he did not report to court after he woke up because he was afraid, and that he fled

* The Honorable Nicholas Tsoucalas, Senior Judge of the United States Court of International Trade, sitting by designation.

upon learning that he had been tried and convicted *in absentia.* While the *habeas* petition raised other issues, the only question certified for appeal in this case is whether Smith's rights under the Sixth and Fourteenth Amendments were violated by his trial *in absentia.*

We review *de novo* a district court's denial of a petition for a writ of *habeas corpus. See Williams v. Bartlett,* 44 F.3d 95, 99 (2d Cir.1994). "When reviewing a *habeas* petition, '[t]he factual findings of the New York Courts are presumed to be correct.'" *Nelson v. Walker,* 121 F.3d 828, 833 (2d Cir.1997) (quoting *Green v. Scully,* 850 F.2d 894, 900 (2d Cir.1988)). "However, the statutory presumption refers to historical facts, that is, recitals of external events and the credibility of the witnesses narrating them." *Id.* (internal quotations and citation omitted). The presumption of correctness will be set aside if the material facts were not adequately developed at the State court hearing or if the reviewing court finds that the factual determination is not fairly supported by the record. *See id.*

In a line of cases over the years involving review of federal convictions, we have held that a court cannot commence a trial *in absentia* unless the defendant knowingly and voluntarily waives his right to be present, and the public interest in proceeding clearly outweighs the interest of the voluntarily absent defendant in attending his trial. *See, e.g., United States v. Tortora,* 464 F.2d 1202, 1209–10 (2d Cir.1972); *United States v. Fontanez,* 878 F.2d 33, 36 (2d Cir.1989); *United States v. Nichols,* 56 F.3d 403, 416–17 (2d Cir.1995). However, only the first element—a knowing and voluntary waiver—is required by the Constitution; the second element—a balance of interests weighing in favor of trial—simply governs the trial court's exercise of its discretion to proceed with a trial *in absentia* that is constitutionally permissible. *See, e.g., Tortora,* 464 F.2d at 1209–10. *See also Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973) (per curiam) (discussing knowing and voluntary waiver of right to be present at trial as sufficient for constitutionally valid trial *in absentia*); *Clark v. Scott,* 70 F.3d 386, 389–90 (5th Cir.1995) (holding that balancing test not constitutionally required).

We also note that Fed.R.Crim.P. 43 prohibits *federal* trials *in absentia* where the defendant is not present at the beginning of trial, *see Crosby v. United States,* 506 U.S. 255, 262, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993), but we hold that nothing in the Constitution prohibits a trial from being commenced in the defendant's absence so long as the defendant knowingly and voluntarily waives his right to be present. In *Crosby,* the Court relied on the plain language of the rule, which permits trial "'whenever a defendant, initially present, is voluntarily absent after the trial has commenced.'" *id.* at 258, 113 S.Ct. 748 (quoting Fed.R.Crim.P. 43(b)(1)). Accordingly, the Court explicitly declined to consider whether this limitation on trials *in absentia* is constitutionally mandated. *See Crosby,* 506 U.S. at 261–62, 113 S.Ct. 748. Although we agree that the commencement of trial in the defendant's presence makes it more likely "that any waiver is indeed knowing," *id.* at 261, 113 S.Ct. 748, the case before us amply demonstrates that in some situations the requisite knowledge can be conclusively found even if the defendant is not present when the trial begins. Moreover, while we agree that the costs of delay are likely to be higher if trial has begun, *see id.,* we do not believe that a balancing of interests determines the constitutional permissibility of a trial *in absentia* following a valid waiver.

We therefore conclude that while prudential concerns animate the need for a balancing of interests before a district court exercises its discretion to conduct a trial *in absentia,* all that the Constitution requires is a knowing and voluntary waiver of the right to be present at trial. It is

only the constitutional question that is before us in this *habeas corpus* proceeding. *See Headley v. Tilghman*, 53 F.3d 472, 474 (2d Cir.1995) (only deprivations of federal rights are properly raised on *habeas corpus* petition). The state trial court's exercise of its discretion in the case before us is not of a constitutional magnitude, and we will not pass judgment upon it. Therefore we turn to the sole remaining question: whether the district court correctly found a knowing and voluntary waiver by the petitioner of his right to be present at his trial.

Based on the record in this case, it is plain that Smith knew the precise time and place he was to appear for trial, and that the consequence of his failure to appear would be a trial *in absentia*. The court had explicitly told him so. Smith then voluntarily absented himself from the trial. Even accepting his story that he inadvertently overslept and therefore that his failure to appear at the start of the trial was not voluntary, the fact remains that, after he woke up, Smith voluntarily continued his absence from the courtroom without notifying the court and thereafter was a fugitive from justice. "When a defendant has pleaded to the charges against him and knows that the trial of the charges is to begin on a day certain, the trial may start in his absence if he deliberately absents himself without some sound reason for remaining away." *Tortora*, 464 F.2d at 1208. "[T]here can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward." *Taylor*, 414 U.S. at 20, 94 S.Ct. 194 (internal quotations and citation omitted).

■ Accordingly, we conclude that because Smith knowingly and voluntarily waived his right to be present at trial by failing to attend his trial, there is no merit to his constitutional claim. Whether or not the state trial court properly balanced the defendant's interest in being present at his trial against the state's interest in proceeding without him is not a matter of constitutional dimension and thus is not cognizable in this *habeas corpus* proceeding.

The judgment of the district court dismissing Smith's *habeas corpus* petition is affirmed.