23-7400-cr (L)
*United States v. Simmons*

# In the
# United States Court of Appeals
# For the Second Circuit

August Term 2024
Argued: February 12, 2025
Decided: June 1, 2026

Docket Nos. 23-7400-cr (Lead), 23-8062-cr (Con)

UNITED STATES OF AMERICA,

*Appellee,*

—v.—

WINSOME WHITE, AKA WYNSOME WHITE, AKA PEARL, DONNIE BETHEA, JR., AKA DONNIE BETHEA, JR., AKA DON BETHEA, JR., DARLENE BORINGTON,

*Defendants,*

ASHLEY SIMMONS, AKA ROBERT SIMMONS, AKA ASH,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of New York
Nos. 23-cr-304-1 / 09-cr-351-1, I. Leo Glasser, *Judge.*

Before:      KEARSE, SACK, and LEE, *Circuit Judges.*

Defendant-Appellant Ashley Simmons appeals from the revocation of his supervised release, as well as his conviction for failing to appear at his violation of supervised release ("VOSR") hearing, in violation of 18 U.S.C. § 3146. He challenges the district court's decision to proceed with his VOSR hearing in his absence; the imposition of consecutive sentences for his supervised release violations and failure to appear conviction, based on the court's belief that consecutive sentences were required under 18 U.S.C. § 3146(b)(2); and the overall constitutionality of supervised release revocation proceedings.

Upon due consideration, we hold that Simmons knowingly and voluntarily waived his right to be present at his VOSR hearing and that any potential error by the district court in electing to proceed with the hearing in Simmons's absence was harmless. We further hold that the district court cannot have plainly erred by imposing consecutive sentences under § 3146(b)(2) because the statute's applicability in this context constitutes an unsettled area of law. Finally, we affirm the constitutionality of supervised release. Accordingly, we **AFFIRM** the judgment of the district court.

Judge Kearse concurs in a separate opinion.

---

DANIEL J. MARCUS (Nicholas Moscow, *on the brief*), Assistant United States Attorneys *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee*.

BRIAN A. JACOBS (A. Dennis Dillon, *on the brief*), Morvillo Abramowitz Grand Iason & Anello PC, New York, NY; Bobbi C. Sternheim, Law Offices of Bobbi C. Sternheim, New York, NY, *for Defendant-Appellant*.

---

2

EUNICE C. LEE, *Circuit Judge:*

Defendant-Appellant Ashley Simmons appeals from the revocation of his supervised release, as well as his conviction for failing to appear at his violation of supervised release ("VOSR") hearing, in violation of 18 U.S.C. § 3146. He challenges the district court's decision to proceed with his VOSR hearing in his absence; the imposition of consecutive sentences for his supervised release violations and failure to appear conviction, based on the court's belief that consecutive sentences were required under 18 U.S.C. § 3146(b)(2); and the overall constitutionality of supervised release revocation proceedings.

Upon due consideration, we hold that Simmons knowingly and voluntarily waived his right to be present at his VOSR hearing and that any potential error by the district court in electing to proceed with the hearing in Simmons's absence was harmless. We further hold that the district court cannot have plainly erred by imposing consecutive sentences under § 3146(b)(2) because the statute's applicability in this context constitutes an unsettled area of law. Finally, we affirm the constitutionality of supervised release. Accordingly, we **AFFIRM** the judgment of the district court.

## I.  BACKGROUND

In October 2021, while on supervised release under the authority of the Eastern District of New York ("EDNY") for a 2009 fraud conviction, Simmons was charged with twelve violations of the conditions of his release, including wire fraud upon the Small Business Administration ("SBA") by fraudulently inducing a loan under the SBA's COVID-related Economic Impact Disaster Loans program, travel outside of the district without permission from his probation officer, and communication with convicted felons without permission from his probation officer.

On March 24, 2022, the district court was scheduled to hold a VOSR hearing on a number of Simmons's charged violations,[1] but he failed to appear. To allow defense counsel an opportunity to contact Simmons and afford him a chance to appear, the district court adjourned the proceedings for approximately half an hour. When Simmons still did not appear, the district court directed that a warrant be issued for his arrest and proceeded with the hearing in his absence.

---

[1] The government presented evidence at the hearing regarding charges 1–3, 5, and 7–9, but elected not to put on evidence of charges 4 and 6. Charges 10–12 were dismissed at the hearing.

In so doing, the district court found that Simmons had been informed of the date and time of the hearing and had therefore knowingly and voluntarily waived his right to be present. Upon balancing the private and public interests at stake, the district court further concluded that proceeding with the hearing was appropriate, especially given that two witnesses had traveled significant distances, from Texas and New Jersey, in order to testify.

As to the merits of the violations, Simmons's counsel conceded that there were airline flights in Simmons's name to locations outside the district and corresponding out-of-district charges to a bank account in his name, and that SBA funds were fraudulently obtained and deposited into a bank account in Simmons's name. With this record, and the government's corroborating proof, the district court found that there was "overwhelming" evidence to establish that Simmons violated the terms of his supervised release. Appellant's App'x at 155 (No. 23-8062). The district court did not sentence Simmons at that time.

More than a year later, in May 2023, Simmons was arrested on unrelated charges in Florida and subsequently returned to the EDNY. There, he pleaded guilty to an information charging him with knowingly and intentionally failing to appear at the VOSR hearing, in violation of 18 U.S.C. § 3146(a)(1). The district

court held a combined sentencing proceeding for the supervised release violations and the conviction for failure to appear, ultimately imposing an 18-month sentence for the release violation based on the fraud conviction, to run concurrently with 12-month sentences on each of the remaining VOSR charges, and a 30-month sentence for Simmons's failure to appear at the VOSR proceeding. The court specified that the VOSR and failure to appear sentences were to run consecutively because "the statute requires it." Appellant's App'x at 255 (No. 23-8062).

## II.    DISCUSSION

On appeal, Simmons argues that: (1) the district court erred by proceeding with the VOSR hearing in his absence; (2) the district court committed procedural error by imposing consecutive sentences for the supervised release violations and the failure to appear conviction, based on the court's purportedly mistaken belief that consecutive sentences were required under 18 U.S.C. § 3146(b)(2); and (3) supervised release revocation proceedings are generally unconstitutional because they violate defendants' rights to indictment, trial by jury, and proof beyond a reasonable doubt.

### A.    Conducting the VOSR Hearing *In Absentia*

Simmons first argues that the district court erred by conducting the VOSR hearing in his absence. As a preliminary matter, this Circuit has not yet established

6

the specific standard that district courts should apply to determine whether it is appropriate to conduct a VOSR hearing in a defendant's absence. It is against this backdrop that Simmons urges us to apply the standard for *trials* conducted *in absentia*, set forth in *Smith v. Mann*, 173 F.3d 73 (2d Cir. 1999). Specifically, *Smith* provides that "a court cannot commence a trial *in absentia* unless the defendant knowingly and voluntarily waives his right to be present, and the public interest in proceeding clearly outweighs the interest of the voluntarily absent defendant in attending his trial." 173 F.3d at 76. The requirement that a defendant knowingly and voluntarily forgo the right to be present is constitutionally mandated, whereas the balancing of public and private interests is prudential and "simply governs the trial court's exercise of its discretion to proceed with a trial *in absentia* that is constitutionally permissible." *Id.*

Contrary to Simmons's argument that the *Smith* standard for trials should apply, the government argues that a lower standard would be more appropriate, since defendants in VOSR proceedings "are not entitled to the full panoply of rights that criminal defendants generally enjoy." Appellee's Br. at 39 (quoting *United States v. Carthen*, 681 F.3d 94, 99 (2d Cir. 2012) (citation modified)). We need

7

not resolve that question today, since, even under Simmons's preferred standard, his argument is unavailing.

Although we review a district court's determination as to whether the defendant had a right to be present *de novo*, any underlying factual determinations regarding the defendant's knowing and voluntary absence will not be disturbed unless clearly erroneous. *United States v. Yannai*, 791 F.3d 226, 241 (2d Cir. 2015). We review a district court's weighing of the public and private interests for abuse of discretion. *Id.* And, even if we determine that the district court's decision to proceed in the defendant's absence was an abuse of discretion, we will nonetheless consider "whether the error created any reasonable possibility of prejudice" or if it was harmless. *United States v. Tureseo*, 566 F.3d 77, 84 (2d Cir. 2009) (citation modified).

Based on this record, we cannot conclude that the district court abused its discretion or otherwise erred in proceeding with the VOSR hearing in Simmons's absence. Even if such a determination had constituted an abuse of discretion, any error emanating therefrom was harmless.

To begin, the district court's finding that Simmons knowingly and voluntarily waived his right to be present at the hearing was not clearly erroneous.

8

Our case law establishes that a defendant knowingly and voluntarily waives his right to be present at the start of his trial when, aware of his trial date, he fails to appear in court without offering a sound reason for his absence. *See Smith*, 173 F.3d at 77 (explaining that proceeding *in absentia* is constitutionally permissible where the record establishes that a defendant "knew the precise time and place he was to appear" and then "voluntarily absented himself . . . without some sound reason for remaining away" (citation modified)).

Here, Simmons's counsel represented that when he spoke with Simmons the night before the VOSR hearing, Simmons was aware of the time and location of the hearing and said that he was planning to attend with his mother. On the morning of the hearing, Simmons did not appear, even after the district court adjourned the hearing for half an hour, and Simmons did not respond to repeated calls and messages from his counsel. Put plainly, there is no dispute that Simmons was aware of the date of the hearing and, even on appeal, Simmons has not offered any "sound" reason for his absence. Taken together, we cannot say that the district court erred in finding that Simmons knowingly and voluntarily waived his right to be present.[2]

---

[2] We conclude that Simmons waived this right based on the evidentiary record at the VOSR hearing and the district court's findings, rather than based on any admissions

As to the prudential inquiry, i.e., whether the "public interest in proceeding [*in absentia*] clearly outweigh[ed]" Simmons's right to be present, 173 F.3d at 76, the district court noted that "[t]he public interest would be the convenience or inconvenience of witnesses which would trump" Simmons's interest, considering that at least one government witness "came all the way from Texas" and another "came all the way from New Jersey," Appellant's App'x at 78–79, 156 (No. 23-8062). We need not decide whether such a determination constitutes an abuse of discretion, as there is no evidence to suggest that the district court's decision to

_____

implicit in his subsequent guilty plea to the offense of failure to appear, as proposed by the Concurrence, for two reasons. First, the government has not argued that Simmons's guilty plea waived his challenge to the district court's decision to proceed with the VOSR hearing in his absence, and any such argument is therefore itself waived. *See United States v. Quiroz*, 22 F.3d 489, 490–91 (2d Cir. 1994) (explaining that the government may "waive[] its right to argue waiver" by failing to raise it on appeal). Second, the present record does not clearly establish that Simmons's plea effected a knowing and voluntary waiver of his *in absentia* claim. Although a guilty plea generally waives nonjurisdictional challenges, such waivers customarily are enforced only where the record demonstrates that the waiver was knowing and voluntary, *see United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013), and the plea colloquy here did not address whether Simmons was relinquishing any challenge to the district court's decision to proceed *in absentia*, *see* Appellant's App'x at 191–200 (No. 23-8062). Nor did the plea colloquy involve any inquiry into whether Simmons possessed a "sound reason" for failing to appear, which would bear on whether his absence was knowing and voluntary for purposes of proceeding *in absentia*. *See United States v. Tortora*, 464 F.2d 1202, 1208 (2d Cir. 1972) (explaining that a defendant's absence is knowing and voluntary where, aware of the proceeding, he "deliberately absents himself without some sound reason for remaining away"), *abrogated on other grounds by Crosby v. United States*, 506 U.S. 255 (1993); *see also* Appellant's App'x at 201 (No. 23-8062). While it is true that Simmons offered no such reason, the existence of one is not foreclosed by anything he admitted to in the plea colloquy.

proceed *in absentia* "created any reasonable possibility of prejudice." *Tureseo*, 566

F.3d at 84 (citation modified). That is, while Simmons speculates that his "own

testimony . . . could potentially have been available and critical"—though he does

not state that he in fact planned to testify—and further claims that his presence

might have enabled his counsel to more effectively undermine the government's

evidence, Appellant's Br. at 35 (No. 23-8062), he has offered nothing concrete to

corroborate that claim. Moreover, despite Simmons's absence, his counsel actively

participated in the hearing, cross-examining witnesses and delivering a closing

argument. And the district court ultimately found that the evidence, which

included bank and travel records and live testimony from three witnesses, was

"overwhelming" and "more than adequate to establish" that Simmons had

violated the terms of his supervised release. Appellant's App'x at 153–55 (No. 23-

8062). All told, this record does not support a finding of abuse of discretion in the

district court's decision to proceed in Simmons's absence. Even assuming

otherwise, any error in conducting the hearing without Simmons was harmless.

## B.    Mandatory Consecutive Sentences

Next, Simmons argues that the district court erred by imposing consecutive

sentences for two distinct offenses—his supervised release violations and failure

11

to appear conviction—based on its purportedly mistaken belief that consecutive sentences were mandatory under 18 U.S.C. § 3146(b)(2).

Section 3146 sets forth a framework of maximum penalties for a defendant's knowing failure to appear before a court as required. The statute additionally provides that "[a] term of imprisonment imposed under this section shall be consecutive to the sentence of imprisonment for any other offense." 18 U.S.C. § 3146(b)(2). "[O]ffense" is defined elsewhere in the statute as "any criminal offense . . . which is in violation of an Act of Congress and is triable in any court established by Act of Congress." *Id.* § 3156(a)(2). As we have held, the statute does not mandate imprisonment for a defendant's failure to appear; rather, "[t]he statute's only requirement is that, if a sentence of imprisonment is imposed [for failure to appear] (as opposed to simply a fine), that sentence must be imposed to run consecutively to any sentence imposed for the underlying offenses." *United States v. Kirkham*, 195 F.3d 126, 131 (2d Cir. 1999) (emphasis omitted).

We review a district court's imposition of a sentence for procedural error under a deferential abuse of discretion standard. *United States v. Cavera*, 550 F.3d 180, 187–88 (2d Cir. 2008) (en banc). A district court commits procedural error when it imposes a sentence based on a legal error. *See United States v. Tutty*, 612

12

F.3d 128, 131 (2d Cir. 2010); *United States v. Williams*, 524 F.3d 209, 214 (2d Cir. 2008). Issues not raised at sentencing are typically forfeited on appeal unless they meet the standard for plain error. *United States v. Vargas*, 961 F.3d 566, 571 (2d Cir. 2020); *see also* Fed. R. Crim. P. 52(b). "Plain error has been defined as (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010).

Simmons argues that Section 3146(b)(2)'s consecutive sentences requirement does not apply to his case because he failed to appear for a proceeding related to a supervised release violation, rather than a new criminal charge, and a supervised release violation is not an "offense" within the meaning of the statute. He alleges this is so because: (1) a defendant may violate his or her conditions of supervised release through conduct that is not criminal; (2) failure to comply with the conditions of supervised release violates a court order, rather than an act of Congress; and (3) supervised release violations are not "triable," since they do not confer a right to jury trial. Appellant's Br. at 10 (No. 23-7400). Accordingly, in his view, the district court had discretion to impose concurrent or consecutive sentences for his supervised release violations and his failure to appear conviction,

13

Section 3146(b)(2) notwithstanding. Although Simmons's sentencing letter noted that he "agree[d] with the Government that the sentence for the instant offense of failure to appear must be imposed consecutively to the sentence of imprisonment imposed for the defendant's violation of his supervised release," Appellant's Br. at 43 (No. 23-7400) (citation modified), he characterizes this as a "mistaken concession," noting that he did so "unaware of the government's error." Appellant's Reply at 17, 18 (No. 23-7400). Accordingly, he argues that this amounts to "a failure to object," and urges us to reverse on plain-error review. *Id.* at 16–18. Even assuming the claim is merely forfeited and not waived,[3] we decline to reverse.

---

[3] The government suggests that Simmons's arguments to the district court recommending consecutive sentences constituted waiver, rather than forfeiture, thereby precluding him from challenging the imposition of consecutive sentences on appeal. *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938))); *United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995) (explaining that a true waiver "will negate even plain error review"). Under the so-called "invited error" doctrine, this Court will deny relief, even for plain errors, where "a defendant deliberately provokes a procedural irregularity," in order to "avoid rewarding mistakes stemming from a defendant's own intelligent, deliberate course of conduct in pursuing his defense." *United States v. Bastian*, 770 F.3d 212, 218 (2d Cir. 2014) (citation modified). But we have declined to apply the invited error doctrine where there is no evidence that the defendant acted deliberately or gained any tactical advantage by inviting error or waiving a right. *Id.*; *see also Yu-Leung*, 51 F.3d at 1122 ("If a party's failure to [object] is simply a matter of oversight, then such oversight qualifies as a correctable forfeiture for the purposes of plain error analysis."). Here, the record does not include information sufficient to establish whether Simmons's concession

14

As both parties acknowledge, this Court has not yet addressed the question of whether Section 3146(b)(2) mandates that a sentence for a defendant's failure to appear at a supervised release violation hearing must be imposed consecutive to the sentence for the underlying violation. And though both parties contend that the meaning of the statute is plain on its face, they proffer opposite interpretations. Because this issue constitutes an unsettled area of the law, we cannot say that the district court committed plain error by concluding that the statute mandated consecutive sentences. *See United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir. 2001) ("For an error to be plain, it must, 'at a minimum,' be 'clear under current law,'" and, therefore, "[a] reviewing court typically will not find such error where the operative legal question is unsettled." (quoting *United States v. Feliciano*, 223 F.3d 102, 115 (2d Cir. 2000))). Accordingly, we affirm the district court's imposition of consecutive sentences for Simmons's supervised release violations and his failure to appear conviction.

---

regarding consecutive sentences was deliberate or strategic. Nor is it apparent on this record what tactical benefit Simmons would have obtained by urging consecutive sentences. But, because Simmons's consecutive sentences argument fails on its merits in any event, we need not determine whether it was waived or forfeited below. *See, e.g.*, *United States v. Mangano*, 128 F.4th 442, 475 (2d Cir. 2025) (applying plain-error review because "even if we were to consider [appellant's] argument forfeited rather than waived, we would not find plain error"), *cert. denied*, No. 25-461 (March 9, 2026).

15

**C.    The Constitutionality of VOSR Hearings**

Finally, Simmons argues that supervised release revocation proceedings under 18 U.S.C. § 3583 are unconstitutional because they expose criminal defendants to terms of imprisonment greater than one year without requiring indictment by a grand jury, proof beyond a reasonable doubt, or a jury trial.  As Simmons acknowledges, this Court has rejected those very arguments and affirmed that "the supervised release revocation process, and its attendant procedural mechanisms, is constitutional."  *United States v. Peguero*, 34 F.4th 143, 157 (2d Cir. 2022).

*    *    *

Accordingly, the judgment of the United States District Court for the Eastern District of New York is **AFFIRMED**.

16

United States
v. Simmons,
Nos. 23-7400, -8062

KEARSE, *Circuit Judge*, concurring:

While I agree with the majority that defendant Ashley Simmons is not entitled to prevail on any of the three issues he seeks to pursue in these consolidated appeals, as to two of those issues I reach that conclusion because Simmons waived the right to appeal by reason of his concessions and contentions in the district court. **(A)** His right to challenge his conviction under 18 U.S.C. § 3146(a)(1) for failing to appear at the scheduled hearing on his alleged violations of supervised release ("VOSR") conditions on March 24, 2022 ("VOSR hearing" or "2022 hearing") was waived by his plea of guilty to that offense. **(B)** His right to argue that the district court erred by ordering that the prison terms imposed for his failure-to-appear conviction and his supervised-release violation by committing a new crime be served consecutively was waived by his arguments to the district court that prison terms for those offenses were required to be imposed consecutively.

A. *Simmons's Conviction of Failing To Appear at his VOSR Hearing*

Simmons contends that at the 2022 hearing, the district court erred in

finding that he knowingly and voluntarily failed to appear for that hearing, and abused its discretion in conducting the VOSR hearing in his absence. But in July 2023, Simmons pleaded guilty to knowingly and voluntarily failing to appear at the 2022 hearing; and "[t]he cases are legion that [a] plea of guilty to an indictment is an admission of guilt and a waiver of all non-jurisdictional defects," *United States v. Selby*, 476 F.2d 965, 966 (2d Cir. 1973) ("*Selby*") (internal quotation marks omitted). *See, e.g.*, *United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); *id*. at 570 ("A guilty plea 'is more than a confession which admits that the accused did various acts.' *Boykin* v. *Alabama*, 395 U.S. 238, 242 (1969). It is an 'admission that he committed the crime charged against him.' *North Carolina* v. *Alford*, 400 U.S. 25, 32 (1970). *By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime*." (emphasis mine)). *See also Selby*, 476 F.2d at 967 (dismissing appeal from a conviction entered on the defendant's plea of guilty, and noting that "[i]f we had power to decide the appeal, we would dismiss it as frivolous").

Section 3146 provides that "[w]hoever, having been released [from

2

detention] under" Chapter 207 of Title 18, "knowingly . . . fails to appear before a court as required by the conditions of release . . . shall be punished as provided in subsection (b) of this section." 18 U.S.C. § 3146(a)(1). The district court held a hearing in July 2023 to consider Simmons's desire to plead guilty to the information charging him with violating 18 U.S.C. § 3146(a)(1) by failing to appear at his March 24, 2022 VOSR hearing.

The hearing began with discussions as to whether Simmons might have a conflict of interest with his then-attorney Robert P. LaRusso, who had been present at the 2022 hearing (*see* Appendix in No. 23-7400 ("A."), at 6-18). LaRusso said it had "dawned on me" that "I could be called as a witness because I would be able to establish direct evidence of [Simmons's] knowledge and intent not to appear here because of the conversation that I had with him the night before." (*Id*. at 11-12.) After Simmons waived any conflict-of-interest claim and waived indictment (*see id*. at 17-23), and the court questioned and informed him as to the rights he would forgo by pleading guilty--all of which Simmons said he understood (*see id*. at 18-27)--Simmons pleaded guilty to knowingly and intentionally failing to appear in court on March 24, 2022:

3

THE COURT: Mr. Simmons, how do you plead to the charge of bail jumping, to put it colloquially, failing to appear in court when you were supposed to?

THE DEFENDANT: Guilty.

THE COURT: Did you know that you were supposed to be in this court on March 24?

THE DEFENDANT: Yes, I did.

THE COURT: You knew it because Mr. LaRusso called you the night before and tried to tell you, "You're due in court. Where are you?"

THE DEFENDANT: Yes.

. . . .

THE COURT: . . . .

So, you failed to appear on the 24th of March, failed to appear knowingly, understood that you were not going to come to see anybody in this courtroom.

THE DEFENDANT: Yes.

(A.27-28.)

The court accepted Simmons's plea of guilty to failing to attend his VOSR hearing, in violation of § 3146(a)(1).

Under the authorities discussed above, Simmons, by pleading guilty to

4

failing to appear for his VOSR hearing, waived any *non*jurisdictional challenges he may have had to his conviction on that count, and Simmons has not presented any jurisdictional challenge. He argues principally that the court abused its discretion in proceeding with the VOSR hearing in his absence. But the right of a defendant to be present is not a matter of jurisdiction. Thus, even a defendant in a criminal prosecution--who has a constitutional right to be present at the trial of charges against him, *see*, *e.g.*, *Taylor v. United States*, 414 U.S. 17, 18-19 (1973)--waives that right if he voluntarily and deliberately absents himself from the trial without good cause. *See id*. at 20 ("there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward" (internal quotation marks omitted)). And given that defendants in VOSR proceedings are entitled to less than "the full panoply of rights that criminal defendants generally enjoy," *United States v. Carthen*, 681 F.3d 94, 99 (2d Cir. 2012) (internal quotation marks omitted), Simmons has not proffered even a tenable nonjurisdictional claim that his right to be present at the 2022 hearing was violated by the court when he had intentionally and voluntarily refused to attend.

The majority, although it "cannot say that the district court erred in finding that Simmons knowingly and voluntarily waived his right to be present" at

5

the 2022 hearing, Majority Opinion *ante* at 9, declines to apply the principle that he is not entitled, on any nonjurisdictional basis, to appeal from a judgment entered upon his plea of guilty, stating that although "Simmons offered no [sound] reason [for remaining away], the *existence* of one is not foreclosed by anything he admitted to in the plea colloquy," *id*. at 9 n.2 (emphasis added). I have several difficulties with this rationale.

First, while the majority suggests that Simmons is entitled to appeal the conviction notwithstanding his plea of guilty because the possibility that he had a sound reason for his failure to appear was not eliminated at the plea hearing, a defendant is entitled to forgo possible defenses. And, in hopes of earning a lenient eventual sentence for the offense that he knowingly and voluntarily admits he knowingly committed, the defendant may well eschew defenses that are patently frivolous. The choice whether or not to assert a possible defense is up to the defendant; the court at the plea hearing is not required to discuss or inquire into possible defenses he might have. Rule 11 of the Federal Rules of Criminal Procedure requires that at the plea hearing, the district court "must inform the defendant of, and determine that the defendant understands," *inter alia*, "the nature of each charge to which the defendant is pleading," and that "[b]efore entering judgment on a guilty

6

plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11 (b)(1)(G) and (b)(3). Although a defendant's assertion of a defense which "*denied an element of the offense*" would, absent further inquiry, prevent the court from finding that there was an adequate factual basis for the plea of guilty, *United States v. Smith*, 160 F.3d 117, 122 (2d Cir. 1998) (emphasis in *Smith*) (describing *Godwin v. United States*, 687 F.2d 585 (2d Cir. 1982)), "the court has no duty under [then-]Rule 11(f)"--now renumbered 11(b)(3)--"to anticipate or detect, and then rule out, defenses," *United States v. Smith*, 160 F.3d at 123. *See also Ames v. New York State Division of Parole*, 772 F.2d 13, 15 (2d Cir. 1985) (noting that a defendant's plea of guilty--with clear notice of the elements of the charged offense, and with "no discrepancy between the crime [he] pled to and the conduct he admitted"--satisfies the constitutional requirement that the plea be "voluntary and intelligent"; and reversing habeas corpus granted on the basis that the defendant in his plea proceeding had not been informed of a possible affirmative defense).

Second, the majority's observation does not differentiate between a "sound reason['s]" possible "existence" and the time at which a claim of its existence may properly be asserted. If the defendant wishes to pursue such a defense, he may do so simply by pleading not guilty. If the defendant decides, after the court has

7

accepted his plea of guilty but before he is sentenced, that he wishes to pursue a defense instead of being bound by his plea, he may move to change his plea. But it is generally within the district court's discretion to deny such a motion. *See, e.g.*, *United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir. 1989) ("Society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas 'undermines confidence in the integrity of our [judicial] procedures . . . , increas[es] the volume of judicial work, [and] delays and impairs the orderly administration of justice.'" (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)). And while the denial of a motion to withdraw the plea may be reviewable on appeal, the mere existence (or in this case, the mere theoretical possibility of an unspecified reason's existence) of a nonjurisdictional defense that was not asserted in the district court is not a basis for an appeal challenging the judgment of conviction based on the defendant's plea of guilty.

Third, the majority's willingness to entertain this appeal on the basis of the possible existence of a "sound reason" for Simmons's absenting himself from the 2022 hearing disregards the record in the district court as to his actual reason. While Simmons might have attempted to claim that his failure to attend was not culpable-- given that an affirmative defense is available to a person who can show, *inter alia*, that

8

he was prevented from attending by "uncontrollable circumstances" to which he did not contribute, 18 U.S.C. § 3146(c)--he did not suggest to the district court, in his plea proceeding or otherwise, that there were any such circumstances. Instead, Simmons's letter to the district court submitting his contentions as to sentencing (*see* A.42-47 (Letter from Robert P. LaRusso to Honorable I. Leo Glasser dated September 28, 2023 ("Simmons Sentencing Letter" or "Simmons Letter"))) stated that after Simmons was notified of the 2022 charges of supervised-release violations, "faced with an almost certain finding of violating his conditions of release and being imprisonment [*sic*], he *choose* [*sic*] *to absent himself from the violation hearing to simply avoid going back to jail*." (Simmons Letter at 5 (emphases added); *see also* A.81 (statement by LaRusso at Simmons's sentencing hearing that Simmons said he did not appear at the hearing because he did not want to "go to jail. *I knew that I would be found responsible for these violations, I just couldn't go to jail*." (emphasis added)).)

Simmons's eventual plea of guilty to violating § 3146(a)(1) admitted all elements of that offense, and it waived his present challenges to that conviction. In my view, those challenges should simply be dismissed.

B. *Simmons's Present Challenge to Consecutive Sentences*

Simmons also contends that the district court erred in requiring that the term of imprisonment imposed for his failure-to-appear offense be served consecutively to the prison term the court imposed for his violations of supervised-release conditions by, *inter alia*, committing another crime, to wit, wire fraud in violation of 18 U.S.C. § 1343. If this contention were properly before us, I would reject it as meritless. Subsection (b) of § 3146 sets out the permissible types of "punishment for an offense under this section," *see id*. §§ 3146(b)(1)(A)(i)-(iv), and provides that "[a] term of *imprisonment* imposed under this section *shall be consecutive to the sentence of imprisonment for any other offense*," *id*. § 3146(b)(2) (emphases added). However, in my view Simmons's appellate challenge to the imposition of consecutive sentences was waived by his arguments to the district court that the court was required by the statute to impose such prison terms consecutively. His endorsement of consecutive sentences was consistent.

The government had requested maximum prison terms for Simmons's failure to appear and his supervised-release violations, totaling 54 months. Simmons requested that the court impose shorter terms, in varying combinations, that would instead total 30 or 36 or 42 months. In all instances, a premise of his proposed

calculations was that the two prison terms for failure to appear and VOSR would be "cumulative" or "added," *i.e.*, served "consecutively."

Thus, Simmons's written submission to the district court with respect to his sentencing contentions began as follows:

> In advance of the defendant's sentence scheduled for September 29, 2023, *please accept this sentencing letter on behalf of my client Ashley Simmons ("Simmons") recommending a cumulative sentence* of 36 months for the violations of supervised release and his plea of guilty to failing to appear for the hearing on the violations . . . .

(Simmons Sentencing Letter at 1 (emphasis added).)

In a section headed "**Consecutive Sentences for the Violations of Supervised Release and Failure to Appear**," the Simmons Letter stated that "*Defendant also agrees* with the Government *that the sentence for the instant offense of failure to appear must be imposed consecutively* to the sentence of imprisonment imposed for the defendant's violation of his supervised release" (*id*. at 2-3 (internal quotation marks omitted) (emphases mine)).

The Simmons Letter ended by requesting that the court impose prison terms for his failure to appear and his supervised- release violations that would total 30, 36, or 42 months of imprisonment, with each suggested total comprising prison

11

terms that were "cumulative." (*Id*. at 5-6.)

And, consistent with the various suggested combinations of consecutive prison terms discussed in the Simmons Sentencing Letter, at the sentencing hearing LaRusso "ask[ed] . . . the Court [to] consider the low end" of the guideline for the supervised-release violations, "which is 12, *added to 30* which would be the failure to appear, we're talking, you know, a 42-month sentence for Mr. Simmons" (A.83 (emphasis added)).

This is not a case in which a party overlooked a statutory provision or accidentally neglected to make an available objection. It is a case in which Simmons (a) noted the statutory requirement that any relevant multiple prison terms be imposed consecutively rather than concurrently, (b) informed the district court that he agreed with the government that that requirement was applicable, and (c) repeatedly argued that the court should impose sentences whose total durations would be shorter than the sentence advocated by the government, but all of which would have components that were "consecutive" or "cumulative." Having persistently and consistently urged the consecutive-sentences principle in the district court, Simmons waived the right to argue on appeal that the court's acceptance of his position was error. In my view, this Court should not entertain waived challenges.

12

\* \* \*

In sum, I decline to join the majority's encouragement of impermissible appeals from judgments of conviction entered upon the defendant's plea of guilty, or, absent a showing of manifest injustice, of appeals challenging rulings that were based on propositions that the defendant expressly stated the district court should adopt.